IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL MARTIN, 33374-044,

                            Petitioner,                              ORDER

    v.

                                                                       10-cv-391-slc

CAROL HOLINKA, Warden,

                            Respondent.

---

      Petitioner Daniel Martin, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has not asked for leave to proceed *in forma pauperis* and submitted a trust fund account statement for the last six months showing he cannot afford to pay the $5 fee for filing his petition, nor has he paid the $5 fee. In a cover letter accompanying his petition, petitioner indicates that the $5 fee will be forthcoming.

      Petitioner should be aware that if he decides he cannot afford to pay the filing fee, he may ask for leave to proceed *in forma pauperis*. However, I cannot determine whether petitioner is indigent for the purpose of filing a § 2241 petition unless he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). Petitioner has not filed such a statement.

      If petitioner responds to this order by filing a trust fund account statement, the court will calculate his average monthly deposits and average monthly balances for the six-month period immediately preceding the filing of the petition. If 20% of the greater of these two figures is $5 or more, petitioner will not be eligible for indigent status and will have to prepay all of the $5

filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he will have until August 4, 2010 in which to submit a check or money order made payable to the clerk of court in the amount of $5. In any event, petitioner should act quickly. If, by August 4, 2010, petitioner does not submit either the $5 payment or a six-month trust fund account statement, I will assume that he wishes to withdraw this action voluntarily and I will dismiss the petition without prejudice to his filing the case at a later date. Petitioner should show a copy of this order to prison officials so that they are aware they should send either the $5 filing fee or the required trust fund account statement to this court.

Finally, I note that petitioner has not signed the petition for writ of habeas corpus, dkt. 1, and memorandum in support, dkt. 2, he has filed in this case. Copies of these documents are being returned to petitioner with his copy of this order so that he may sign and return them to this court. If petitioner wishes to continue with this case, he will be required to file signed copies of his petition and memorandum by August 4, 2010.

ORDER

IT IS ORDERED that petitioner Daniel Martin may have until August 4, 2010, in which to submit:

   (1)   A signed copy of his petition for a writ of habeas corpus, dkt. 1, and memorandum in support, dkt. 2; *and*

2

(2)  A check or money order made payable to the clerk of court in the amount of $5 or a trust fund account statement for the period beginning approximately January 18, 2010 and ending approximately July 12, 2010.

(3)  If, by August 4, 2010, petitioner fails to submit signed copies of his petition for writ of habeas corpus and memorandum in support, *and* pay the $5 filing fee or submit the required trust fund account statement, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 14th day of July, 2010.

                                BY THE COURT:

                                /s/

                                STEPHEN L. CROCKER
                                Magistrate Judge