IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL MARTIN,

                                                                                       ORDER

                   Petitioner,

                                                                     10-cv-391-slc[1]

     v.

CAROL HOLINKA,

                   Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. Petitioner Daniel Martin, a federal prisoner, contends that respondent Carol Holinka is violating 18 U.S.C. § 3621(e) by refusing to grant him early release. Under that statute, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Petitioner says that he has completed the treatment program, but the bureau has refused to give him a one-year sentence reduction because it has

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

concluded that one of his past crimes is a violent offense, even though the bureau has been unable to determine whether the conviction meets the criteria for a violent offense under Program Statement 5331.01.

I cannot consider the merits of petitioner's claim because it is not properly raised in a habeas corpus action under § 2241, which is limited to challenges to a prisoner's custody. In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court established the rule that a prisoner may not use § 2241 to challenge a decision by the bureau unless success on the claim would "entitle [the petitioner] to [a] change in the duration or . . . the location of his confinement." Id. at 605. If the petitioner's claim is not that he is entitled to be released, but that he is entitled to "an opportunity to be considered for release," the prisoner must bring that claim in a civil action. Id.

For example, in Richmond, the petitioner was claiming that the bureau erred in concluding that he was not eligible for transfer to a halfway house until the last 10 percent of his sentence. The statutes on which the petitioner relied did not guarantee placement in a halfway house under any circumstance; the question was simply whether the bureau erred in concluding that it did not have discretion to transfer the petitioner. Thus, if the petitioner won his claim, he would be entitled to an order directing the bureau to exercise its discretion, not to earlier release. In that situation, the prisoner was required to bring his claim under the Administrative Procedure Act. Id. at 606.

2

The same is true in this case. Petitioner asks for an order directing his release, but the way he frames his claim is not controlling; the question is whether success on his claim would require the court to direct respondent to release him on an earlier date. The answer to that question is no. Like the provisions involved in Richmond, § 3621(e) does not guarantee him a sentence reduction. The statute says that a sentence "may be reduced" by the bureau if it determines that a prisoner meets the criteria, 18 U.S.C. § 3621(e), which means that it simply allows the bureau to exercise its discretion. The only restriction on the bureau's discretion in the statute is that the bureau may not reduce a sentence by more than 12 months. Id. Thus, if petitioner prevailed on his claim, I would direct the bureau to exercise its discretion in determining an appropriate sentence reduction for petitioner, but I could not order petitioner's release on a particular date. Bush v. Pitzer, 133 F.3d 455, 456 (7th Cir. 1997) ("Section 3621(e)(2)(B) permits but does not compel early release."). See also Bailey v. Holinka, No. 09-cv-360-bbc, 2009 WL 2030371, *2 (W.D. Wis. 2009) (concluding that prisoner could not use § 2241 to bring claim challenging bureau's determination that past crime made prisoner ineligible for sentence reduction under § 3621(e)).

When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of cases. Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000) ("Prisoners may be tempted to choose one route rather than another to avoid limitations imposed by

3

Congress."); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. In addition, the Prison Litigation Reform Act applies to civil cases, but not to habeas petitions. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the Act requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the in forma pauperis statute unless he is in imminent danger of serious physical harm.

Accordingly, no action will be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for his failure to show that he is in custody in violation of the Constitution or laws of the United States. If he decides to pursue a civil action under the Administrative Procedure Act or another statute, he will have to advise the court of that fact no later than February 24, 2011. If petitioner chooses the second

4

route, he must either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis that is accompanied by a trust fund account statement for the six-month period immediately preceding the filing of his action so that the court can assess him an initial partial payment of the filing fee as § 1915 requires.

ORDER

IT IS ORDERED that petitioner Daniel Martin may have until February 24, 2011, to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under the Administrative Procedures Act or other federal law. If he chooses to proceed with a civil lawsuit, he must submit no later than February 24, 2011, either (1) a check or money order made payable to the clerk of court in the amount of $350; or (2) a request for leave to proceed in forma pauperis, together with a trust fund account statement that covers the last

six months.

    Entered this 3d day of February, 2011.

                                   BY THE COURT:
                                   /s/
                                   BARBARA B. CRABB
                                   District Judge